MORRISON *versus* ORR,

1. Where one receives business, *within the line of his occupation,* the law will presume that he is to receive ordinary compensation for it: and so, hold him to strict diligence, in discharge thereof.

2. But, if such business be entrusted to a person *out of his ordinary profession,* the law presumes it to be a mere naked agency, in which compensation is not an ingredient.

3. If a person undertakes voluntarily to perform services, for another, without reward—such person is not liable for a *nonfeazance.*

4. Where an agency is to be performed out the business of the agent, for compensation, he will be held only to the exercise of ordinary dilligence in its transaction.

This case came up, on exceptions to the decision of the Circuit court of Dallas.

The action was of assumpsit, brought by Orr, against the plaintiff in error, on a receipt given by the latter, whereby he promised to account for the collection or return of a claim, in judgment, subsisting in Georgia, against one Allen Orr. Allen Orr had died insolvent, and it was sought to render the defendant below liable, by the fact, that the record had not been presented to the probate court, for its action —and, that, in conseqence of the defendant not having procured a proper exemplification of the record, a suit brought upon it had been dismissed. It was in proof, that the defendant, Morrison, was not an attorney; that he had placed the transcript of the judgment in the hands of an attorney, for collection, who made an effort to procure its proper authentication, but failed—whereby the suit was compelled to be abandoned.

vol. 3. 7

The court, on this testimony, charged, that the jury, (in the absence of testimony of the fact,) were bound to infer that Morrison was to receive compensation, for the collection of the claim ; and, that he was, therefore, bound to the exercise of strict diligence : that the failure to present the claim to the probate court, made him liable.

LIPSCOMB, C. J.—The defendant in error placed in the hands of the plaintiff in error, an exemplification of a judgment, rendered in Georgia, in his favor, against one Allen Orr, and took from him, a receipt for the same, in the following words, viz :

"July 31st, 1824—This day, recived of Nathan Orr, a demand. in writing, against Allen Orr, for the sum of two hundred and sixty-five dollars, damages, and a further sum of fourteen dollars thirty-seven cents, costs.—I am to endeavor to collect said amount, and pay it over to said Orr. If it cannot be collected, to make due return of the same, to the said Orr:—Damages awarded on the 20th June, 1824. [Signed]        R. C. MORRISON."

This receipt was the foundation of the action.— The plaintiff below charged the defendant, Morrison, with negligence, in not using the necessary means, to collect the amount of the judgment placed in his hands.

On the trial, the plaintiff proved, the defendant was the administrator of Allen Orr ; that the estate had been declared insolvent ; that the claim had not been allowed by the County court, nor had it been acted on ; that he had demanded the money and record of the said Morrison, the defendant.

The defendant proved, that he placed the exemplification of the judgment in the hands of an attor-

ney, for collection, in the life-time of Allen Orr; and that suit had been brought on it; and that it was dismissed, in the year 1825, for want of testimony—the record not having been authenticated in the manner prescribed by law.—That the attorney wrote to Georgia, for an exemplification, properly authenticated, but never received an answer. It was further proved, by the plaintiff, that the claim had never been filed for an allowance; and, that the settlement of the estate had been postponed, at the instance of Morrison, from September, 1828, till October, 1829. The defendant's attorney proved, that he had attended, for the purpose of laying the claim before the judge of the County court, and having it acted on; but was informed, by him, that the settlement had been postponed, and that he was drawn into an error by him, as to the time when it would take place; and that it passed without his knowledge.

On this testimony, the judge on the trial, in the court below, charged the jury, that they were bound, in the absence of testimony, as to the fact, to infer that Morrison was to receive compensation for his agency; and that he was therefore bound to a greater diligence; that his not presenting the claim for an allowance, made him liable. This charge was excepted to, and is now assigned for error

If Morrison had been an attorney, whose business and employment was the collection of debts, there is no doubt that the inference drawn by the judge would have been correct. If one receives business, within the line of his profession, or occupation, and promises attention to it—or, if he does not make an express promise, one would be implied—the law would create a presumption, that he was to receive

the ordinary compensation, although not a word had been said about compensation. But, it seems to me, that the presumption rests entirely on the ground, that it is in the proper line of the business of the person so undertaking it: and, if not accustomed to such agencies for hire, that the law, so far from presuming that a compensation was to be received, would infer that it was a mere naked agency, or mandatory, in which compensation is not an ingredient, in the undertaking. It is one of those friendly offices, that, in our relations with society, daily occur, without either party ever thinking of compensation.

This distinction is recognised by Chief Justice, *Kent*, in *Thorn* vs. *Deas.*[a] If, then, it was a voluntary and gratuitous agency, without reward, the agent was not liable for a *non-feazance*—he might perform his undertaking, or not, as suited his convenience.— It is true, by the civil law, he would be liable to the mandator, for all damages that ensued from his failure to perform his promise; but quite a different rule prevails at common law: by the latter, such contracts are held to be of imperfect obligation, and not to be enforced at law, for want of a sufficient consideration.

In a case, where one joint-owner of a ship, promised the other joint-owner, to have an insurance effected, and failed to do so—on the ship being lost, a suit was brought, and the promise was held to be *nudum pactum.*[b]

It should, at any rate, have been matter of proof, before the jury, whether Morrison was to receive compensation or not.

But suppose the case should be viewed in another aspect; and that the agent was to receive a com-

pensation for his agency—are the facts in this case, such as to render him liable? If such had been the terms of his undertaking, he would only have been held to the exercise of ordinary care and attention, to the best of his skill, and not such as a professional man, that is, one whose business it was to conduct law suits, would be expected to use. Orr must have known that Morrison was not an attorney at law, and he had no right to expect, in him, that skill and knowledge so necessary to conducting a law suit. He certainly calculated that he would employ an attorney at law to bring the suit, and take on himself the whole conduct of it; and if Morrison had neglected to employ counsel, and undertaken the management of a suit himself, he would, perhaps, have, by so doing, fallen short of ordinary diligence. He employed counsel, and suit was brought; and we are not authorised to infer that the suit was improperly or unnecessarily dismissed; on the contrary we are authorised to draw the inference, that the court where the suit was brought had ruled the exemplification, on which it was founded, to be not properly authenticated. If defective in this respect, it was wholly worthless, and would have availed as little before the County court, as an evidence of a demand against the insolvent estate of Allen Orr, as when it was attempted to be used in the suit against him in his lifetime. It appears, too, that efforts had been used to procure an exemplification, correctly authenticated, from Georgia, without success; and we do not now know if ever there was such a judgment as the one set up, rendered against Allen Orr, in the State of Georgia, because, as I have before said, if the record

Story on
Bailment.
283 & 289

was not sufficiently authenticated, it was not proof for any purpose, any more than blank paper.

We are therefore of opinion, that in any aspect, Morrison was not liable—that if he is to be considered as an agent, under wages for his services as agent, that no sufficient negligence has been fixed on him, to make him liable for the debt: and that there is much less semblance of liability, if he is to be viewed, as we think he ought, on this record, as a mandatory only.

The judgment must, therefore, be reversed.